UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KLINE HILL PARTNERS FUND II LP<br><br>        Plaintiff,<br><br>v.<br><br>HRH KHALED BIN SULTAN ABDULAZIZ AL SAUD, A SAUDI INDIVIDUAL, AND THE ESTATE OF THE LATE HRH PRINCESS M.B.A.B.M.A.S., ACTING THROUGH HRH PRINCE KHALED BIN SULTAN ABDULAZIZ AL SAUD, and DECISIVE WEALTH, S.A.<br><br>        Defendants | Civil Action No. 3:20-cv-00351-VLB<br><br><br><br><br><br><br><br><br><br><br><br>June 3, 2021 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT AND
ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANT DECISIVE WEALTH, S.A.
<u>N/K/A DECISIVE CAPITAL MANAGEMENT SA</u>**

**I.    INTRODUCTION**

Pursuant to Fed. R. Civ. P. 55(a) and Fed. R. Civ. P. 55(b), the Plaintiff, Kline Hill Partners Fund II LP ("Kline Hill"), hereby submits this Memorandum of Law in support of its Motion for Entry of Default and Entry of Default Judgment against Defendant Decisive Wealth, S.A. n/k/a Decisive Capital Management SA for its failure to plead or otherwise defend in this action.

**II.    BACKGROUND**

This action was commenced by Complaint (Dkt. 1) filed on March 13, 2020 and arises out of the breach of a purchase and sale agreement ("Agreement")

between Kline Hill and Defendant His Royal Highness, Prince Khaled Bin Sultan Abdulaziz Al Saud ("Prince Khaled"), which was orchestrated by Defendant Decisive Wealth S.A. ("Decisive"), a Swiss wealth management company serving as Prince Khaled's investment manager in connection with the Agreement. [Complaint, ¶¶ 13-14; 30]  The Agreement sets forth a procedure for Kline Hill to buy certain interests in a limited partnership, half of which Prince Khaled owned individually, and half of which he owned as administrator and agent of the Estate of the late HRH Princess M.B.A.B.M.A.S. (the "Estate").  [*Id.* at p. 1]  This procedure included, *inter alia,* a requirement that Kline Hill be notified, at least three days prior to closing, of any corrections to the calculation of the purchase price in order to avoid any overcharge by the seller or underpayment by the buyer.  [*Id.* ¶ 25]

    Decisive, as Prince Khaled's investment manager for the Agreement, received a portion of Kline Hill's purchase proceeds.  Specifically, Decisive directed Kline Hill, by e-mail, to wire its $5,786,694 purchase money as follows: $2,250,000 to an account at Deutsche Bank, Geneva, Switzerland, in the name of the Estate of the late HRH Princess M.B.A.B.M.A.S.; $2,250,000 to an account at Deutsche Bank, Geneva, Switzerland, in the name of HR Khaled Bin Sultan Abdulaziz Al Saud; and $1,286,694 to an account at Barclays Bank (Suisse) S.A., also in Geneva, in the name of the Decisive Wealth S.A.  [*Id.* ¶¶ 30; 36-37; Ex. F; Melly Aff. ¶¶ 7 and 9[1]]

---

[1] "Melly Aff." refers to the accompanying Affidavit of Thomas Melly dated May 25, 2021.

**Decisive sent the pre-closing notice to Kline Hill, which failed to disclose distributions of $408,822 to Prince Khaled, thereby overstating Kline Hill's purchase price by the same amount.  [Complaint, ¶¶ 32-34; Ex. E; Melly Aff. ¶ 8] Upon learning of the overcharge, Kline Hill made multiple requests that it be repaid for the overcharge, which Prince Khaled and Decisive have failed and refused to do.  [Complaint, ¶¶ 39-49; Exs. G – I; Melly Aff. ¶ 11]**

**Due to the Defendants' failure and refusal to repay the overcharge, Kline Hill commenced this action on March 13, 2020.  At considerable expense, Plaintiff Kline Hill has effected service of the summons and complaint on Decisive, a Swiss company whose principal office is located in Geneva, Switzerland.  Service was made in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, pursuant to Fed. R. Civ. P. 4(f)(1), as made applicable by Fed. R. Civ. Pro. 4(h)(2).**

**On March 4, 2021, the undersigned counsel for the Plaintiff received proof of service from APS International Ltd., certifying that the summons, complaint and other documents listed in the proof of service were served on Decisive on October 16, 2020, at its office in Geneva, Switzerland, and was specifically accepted by Elie Chamat, who was duly authorized in the Agreement to receive any notices on behalf of Decisive.  *See* Dkt. 17-19; Ex. C.**

**Despite having been duly served with the summons and complaint on October 16, 2020, to date Decisive has failed and refused to plead or otherwise defend in this action.**

### III.   ARGUMENT

    A.   <u>Entry Of Default Against Decisive Is Proper Under Fed. R. Civ. P. 55(a)</u>.

The entry of default is governed by Fed. R. Civ. P. 55(a), which provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The "typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer."  See *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986).  In addition, a district court is empowered to enter a default against a "defendant [that] has failed to ... 'otherwise defend.'"  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011).  Because Decisive has not filed an appearance, plead, or otherwise defended itself in this action, an entry of default is appropriate.

Accordingly, Plaintiff requests that this Court enter a default against Decisive pursuant to Fed. R. Civ. P. 55(a).

    B.   <u>Entry Of A Default Judgment Is Proper Under Fed. R. Civ. P. 55(b)</u>.

A party may apply to the district court for entry of a default judgment against a party that has defaulted for failure to plead or otherwise defend. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013).  A default judgment may be entered by the Clerk where the plaintiff's claim is for a sum certain or a sum that can be made by computation.  Fed. R. Civ. P. 55(b)(1).

### 1.     Compensatory Damages

Kline Hill seeks compensatory damages in the amount of $408,822.00, which is based on the overcharge it paid as a result of Decisive's misrepresentations concerning the purchase price and its subsequent deliberate failure to correct and repay this overcharge.  *See* Melly Aff. ¶¶ 11-12.

### 2.     Statutory Damages

Kline Hill seeks prejudgment interest pursuant to *Conn. Gen. Stat*. § 37-3a at the rate of 10% from May 31, 2018, which is the date that Kline Hill wired the amount of the overcharged purchase price at Decisive's direction.  *See* Plaintiff's Complaint at ¶¶ 36-37, Exhibit F; *see also Northrop v. Allstate Insurance Company*, 247 Conn. 242, 255-56 ("[P]rejudgment interest is awarded in the discretion of the trial court to compensate the prevailing party for a delay in obtaining money that rightfully belongs to him."); *Sears Roebuck and Company v. Board of Tax Review of the Town of West Hartford*, 241 Conn. 749, 764 (1997) (courts must look to "the date upon which the wrongful detention [of money due to the other party] began in order to determine the time from which interest should be calculated").  Prejudgment interest totals $120,630.49 as of May 12, 2021.  [Melly Aff. ¶ 13].

## IV. CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, the Plaintiff respectfully requests that this Motion be granted, and that the Court enter the following relief:

1. That a default be rendered against Decisive;

2. That a default judgment enter against Decisive in the amount of $408,822.00 in accordance with the accompanying Affidavit of Thomas Melly;

3. That prejudgment interest be awarded against Decisive;

4. That Decisive be ordered to pay Plaintiff's reasonable expenses, including attorney's fees and the cost of service under the Hague Convention and attempted service of Prince Khaled, associated with this action; and

5. That Plaintiff be granted any further relief that the Court deems just and proper.

**Respectfully submitted,**

**KLINE HILL PARTNERS FUND II LP,**

**By Its Attorneys,**

**/s/ Calvin K. Woo**
**Calvin K. Woo**
**Federal Bar No. ct24497**
**VERRILL DANA LLP**
**355 Riverside Avenue**
**P.O. Box 5116**
**Westport, CT 06881**
**Tel: (203) 222-0885**
**Fax: (203) 226-8025**
**Email: cwoo@verrill-law.com**

**Daniel J. Dwyer**
**Federal Bar No. phv10641**
**VERRILL DANA LLP**
**One Federal Street, 20th Floor**
**Boston, MA 02110**
**Tel: (617) 309-2600**
**Fax: (617) 309-2601**
**Email: ddwyer@verrill-law.com**

*Counsel for Plaintiff*

**CERTIFICATION**

I hereby certify that on June 3, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that on June 3, 2021, a copy of the foregoing was served by Federal Express on defendant Decisive Wealth, S.A. n/k/a Decisive Capital Management SA, as follows:

Decisive Wealth, S.A.
n/k/a Decisive Capital Management SA
Rue du Rhone 78
1204 Geneva
SWITZERLAND

/s/ Calvin K. Woo
Calvin K. Woo, Esq.
Federal Bar No. ct24497
VERRILL DANA LLP
355 Riverside Avenue
P.O. Box 5116
Westport, CT  06881
Tel: 203-222-0885
Fax: 203-226-8025
Email: cwoo@verrill-law.com

14887585_1