UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kline Hill Partners Fund II LP,<br><br>           Plaintiff,<br><br>       v.<br><br>Khaled Bin Sultan Abdulaziz Al Saud, Estate of the Late HRH Princess M.B.A.B.M.A.S., and Decisive Wealth, S.A.,<br><br>           Defendants. | No. 3:20-cv-00351-VLB<br><br><br><br><br><br><br><br><br>July 23, 2021 |

**ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT**

Defendant Decisive Wealth, S.A. ("Decisive"), by its undersigned counsel, hereby responds to the allegations of Plaintiff Kline Hill Partners Fund II LP's Verified Complaint as follows:

**PARTIES**

1.    Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.    Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.    Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.    Decisive admits the allegations of Paragraph 4, except states that on or about June 17, 2020, Decisive changed its name to Decisive Capital Management SA.

## JURISDICTION AND VENUE

5. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

## FACTS

8. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**14.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**15.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**16.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**17.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**18.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**19.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

**20.** Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

21. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

22. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

23. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

25. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

26. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

27. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

28. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

29. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

30. Decisive denies the allegations contained in Paragraph 30.

31. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

32. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, except the Court is respectfully referred to the referenced document for the terms and effect thereof. Decisive further states that it did not prepare the referenced document, did not have knowledge of, or make any representations with respect to, the accuracy of its contents, nor did it have any duty to verify the document's contents.

33. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, except the Court is respectfully referred to the referenced document for the terms and effect thereof. Decisive further states that it did not prepare the referenced document, nor did it have knowledge of, or make any representations with respect to, the accuracy of its contents.

34. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, except the Court is respectfully referred to the referenced documents for the terms and effect thereof

35. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Decisive denies the allegations contained in Paragraph 36, except it admits that it faithfully executed the instructions of its clients.

37. Decisive denies the allegations contained in Paragraph 37, except it admits that Kline Hill wired funds in accordance with instructions generated by the parties to the subject transaction.

38. Decisive denies the allegations contained in Paragraph 38.

39. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39. Decisive denies, however, that it failed to disclose any information as to which it had knowledge regarding distributions that may or may not have been made.

40. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

42. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

43. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

44. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

45. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, except the Court is respectfully referred to the referenced document for the terms and effect thereof.

46. Decisive admits that it received an email on or about August 15, 2019, to which the Court is respectfully referred for the terms and effect thereof.

47. Decisive admits that it sent an email on August 16, 2019, to which the Court is respectfully referred for the terms and effect thereof.

48. Decisive admits that at various times, Kline Hill and Decisive spoke or corresponded, but denies that Decisive was responsible for, or had any obligation to repay, any erroneous payments that may have been made by Kline Hill.

49. Decisive lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, except it admits that it never paid any overcharges or acknowledged Kline Hill's right to any repayment.

50. Decisive denies the allegations contained in Paragraph 50.

### COUNT 1
### (Breach of Contract vs Prince Khaled)

51-54   The allegations contained in Paragraphs 51 through 54 are directed at Prince Khaled and, therefore, Decisive is not required to respond to them.

## COUNT 2
### (Breach of Warranty and Breach of Covenant vs. Prince Khaled)

**55-64** The allegations contained in Paragraphs 55 through 64 are directed at Prince Khaled and, therefore, Decisive is not required to respond to them.

## COUNT 3
### (Misrepresentation vs. Decisive)

**65.** Decisive repeats its responses to the foregoing allegations of the Verified Complaint as if set forth fully herein.

**66.** Decisive denies the allegations contained in Paragraph 66.

**67.** Decisive denies the allegations contained in Paragraph 67.

**68.** Decisive denies the allegations contained in Paragraph 68.

## COUNT 4
### (Unjust Enrichment vs. Both Defendants)

**69.** Decisive repeats its responses to the foregoing allegations of the Verified Complaint as if set forth fully herein.

**70.** Decisive denies the allegations contained in Paragraph 70.

**71.** Decisive denies the allegations contained in Paragraph 71.

**72.** Decisive denies the allegations contained in Paragraph 72.

As to the Prayers for Relief that immediately follow Paragraph 72 of the Verified Complaint, Decisive denies that the Plaintiff is entitled to any relief by Decisive set forth therein.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Decisive alleges as follows:

### First Affirmative Defense:

The Plaintiff, by failing to examine the relevant documents in a timely manner, was the cause of any damages it claims to have suffered and should be barred and/or estopped from asserting its claims against Decisive.

### Second Affirmative Defense:

The doctrine of laches bars some or all of the Plaintiff's claims because the Plaintiff unreasonably delayed asserting its rights, which delay caused prejudice to Decisive.

### Third Affirmative Defense:

Any damages allegedly suffered by the Plaintiff resulted from its own conduct, or the conduct of its agents, in providing erroneous information and/or failing to review relevant documents.

Defendant,
Decisive Wealth, S.A.,

By: */s/ Steven M. Frederick*
Steven M. Frederick (ct08743)
Zachary J. Phillipps (ct30047)
WOFSEY, ROSEN, KWESKIN
& KURIANSKY, LLP
600 Summer Street
Stamford, CT 06901
(203) 327-2300
Fax: (203) 967-9273
sfrederick@wrkk.com
zphillipps@wrkk.com

## **CERTIFICATION**

      I hereby certify that on July 23, 2021, a copy of the foregoing was filed electronically and served by email or regular mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by email or regular mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                        **/s/ Steven M. Frederick**
                                        **Steven M. Frederick (ct08743)**